IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02003-CMA-MEH

TONY SCHMID,

    Plaintiff,

v.

CORNELL CORRECTIONS OF AMERICA,
VEACH, Warden,
DR. SHIVALINI M. SANTHANBAR, and
TIMOTHY F. LYDEN,

    Defendants.

## ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint [filed February 17, 2012; docket #51]. Defendants Cornell Corrections of America ("CCA") and Timothy F. Lyden filed a response on March 5, 2012. (Docket #66.) Pursuant to D.C. Colo. LCivR 7.1C, Plaintiff was permitted to file a reply on or before March 19, 2012. He elected not to do so. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Plaintiff's Motion is **granted**.

**I.**     **Background**

Plaintiff, proceeding *pro se*, initiated this action in the District of Alaska pursuant to 42. U.S.C. §1983 on July 26, 2011. (Docket #1-1.) Although Plaintiff is a prisoner of the state of Alaska, he is currently housed at Hudson Correctional Center ("HCC") in Hudson, Colorado. (*Id*.) Because all but one of the initially named defendants are residents of Colorado, and because the

injuries Plaintiff alleges occurred at HCC, U.S. District Judge John W. Sedwick ordered the case transferred to the District of Colorado. (Docket #1.) The case was so transferred on August 3, 2011. (*Id.*) Upon initial review of Plaintiff's complaint, Magistrate Judge Boland ordered Plaintiff to file an amended complaint on or before September 8, 2011. (Docket #5.) Plaintiff timely filed the current Amended Complaint on September 6, 2011. (Docket #6.)

Plaintiff's claims arise out of an injury he sustained while playing softball on April 8, 2010. (Docket #6 at 4.) While playing, Plaintiff's right index finger became dislocated, causing the finger to stay in a flexed position. (*Id.*) Beginning on April 9, 2010, Plaintiff began seeing Dr. Santhanbar for treatment. (*Id.*) Dr. Santhanbar attempted to stabilize the finger with two popsicle sticks and some tape; however, the pain continued to worsen and Plaintiff became concerned. (*Id.* at 5.) After complaining to medical staff about the pain, Plaintiff was permitted to see an orthopedic surgeon on January 11, 2011. (*Id.*) On March 10, 2011, Dr. Kyros Ipaktchi performed surgery on Plaintiff's finger. (*Id.* at 6.) According to Plaintiff, the surgery went poorly and ultimately rendered his right index finger discolored and disfigured. (*Id.*) Plaintiff continues to experience pain and lose sleep. (*Id.*)

In light of the above facts, Plaintiff's Amended Complaint alleges four causes of action: 1) cruel and unusual punishment in violation of the Eighth Amendment; 2) denial of due process under the Sixth and Fourteenth Amendments; 3) intentional infliction of emotional distress; and 4) malpractice. (Docket #6 at 7-9.) As defendants, Plaintiff named CCA, Warden Veach, Dr. Santhanbar, Dr. Kyros Ipaktchi, and Timothy F. Lyden. (*Id.* at 1.) Warden Veach has not been served, and Plaintiff dismissed his claims against Dr. Ipaktchi with prejudice. (*See* dockets ##57, 60.) Thus, only Defendants CCA and Lyden remain.

On January 11, 2012, Defendant CCA filed a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6). (Docket #33.) Plaintiff requested a 45-day extension of time within which to file a response to CCA's motion, which the Court granted in part. (*See* docket #38.) Accordingly, Plaintiff's response was due on or before February 21, 2012. (*Id.*) On February 17, 2012, Plaintiff filed a paragraph-long response to CCA's motion to dismiss, stating only that he would seek leave to file a second amended complaint. (Docket #52.) That same day, Plaintiff also filed the present Motion. (Docket #51.)

Plaintiff's Motion requests leave to file a second amended complaint "to correct deficiencies and to clearly state his claim for relief." (*Id.*) In addition to citing the liberal standard for amendment of pleadings set forth in Fed. R. Civ. P. 15(a)(2), Plaintiff attaches his proposed second amended complaint. (*See* dockets ##51, 51-1.) Plaintiff's proposed second amended complaint asserts three causes of action: 1) an Eighth Amendment claim of deliberate indifference; 2) a negligence claim; and 3) a breach of contract claim. (Docket #55-1, 6-8.) Plaintiff also names three additional defendants: the State of Alaska Department of Corrections, Commissioner Joe Schmidt, and John/Jane Doe. (*Id.* at 1.)

As noted above, Defendants CCA and Lyden filed a response to Plaintiff's Motion opposing the relief requested. (Docket #66.) Defendants note that Plaintiff's Motion fails to explain why the amendments could not have been made earlier, and theorizes that Plaintiff is attempting to make his complaint a "moving target" in an effort to avoid dismissal. (*Id.* at 3.) Defendants contend that because Plaintiff's proposed claims are based on the same facts asserted in his Amended Complaint, amendment would be futile. (*Id.* at 4.) Because Defendants have already filed motions to dismiss, they argue that granting Plaintiff leave to amend at this stage of the litigation would be unduly prejudicial. (*Id.* at 4.) Plaintiff filed no reply.

Shortly after Plaintiff filed the present motion, the Court held a Status Conference on

February 21, 2012, to establish a schedule for the litigation. (Docket #56). Pursuant to the Minute Order issued in conjunction with the Status Conference, the deadline for amendment of pleadings is April 6, 2012. (Docket #54.)

## II.     Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the comments accompanying the 2009 amendments to Rule 15, the Advisory Committee notes that the changes to the Rule were designed, in part, to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a] motion [under Rule 12(b), (e), or (f)]." Ultimately, "[a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 amends.

### A.     Undue Delay

Defendants' response expressed concern that Plaintiff does not state why the proposed amendments could not have been made at an earlier date. According to Defendants, Plaintiff is impermissibly turning his complaint into a "moving target" in order to avoid dismissal.

Although Plaintiff does not provide a specific reason why he failed to include the proposed facts and claims in his original or amended complaints, it does not appear the omission was made

in bad faith. Plaintiff sought leave to file a second amended complaint on the same day he filed a response to CCA's motion to dismiss. (Dockets ##51, 52.) Plaintiff's response suggests that the concurrent filing was not an accident. (Docket #52). Rather, Plaintiff asserts that his second amended complaint heightens the plausibility of his claims. (*Id.*)

Defendants are correct that Plaintiff is attempting to avoid dismissal, but they are incorrect in their assumption that such avoidance is improper. In light of the 2009 comments to Rule 15, which contemplate the amendment of pleadings as a way to avoid more extensive adjudication under Rule 12, Plaintiff's attempt to file a second amended complaint in order to avoid dismissal is not only proper, but encouraged. Additionally and importantly, Plaintiff's Motion comes within the deadline for amendment of pleadings and well in advance of the discovery cutoff and dispositive motion deadline. (Docket #54.) Thus, the Court does not find that the amendment is unduly delayed or that it will unduly prejudice Defendants at this stage in the litigation.

B. Futility

In addition to asserting that the Motion is untimely, Defendants argue that the amendments proposed by Plaintiff would be futile because Plaintiff's claims arise from the same set of facts underlying his original and amended complaints. The Court disagrees for two reasons.

First, Plaintiff's proposed second amended complaint asserts three rather than four causes of action. Plaintiff eliminates his medical malpractice and due process claims, and in their place, alleges breach of contract. Without reaching the merits of the proposed claims, the Court finds that they are sufficiently distinct from Plaintiff's original claims to justify their addition under the liberal pleading standards of Fed. R. Civ. P. 15(a).

Second, the Court finds that the proposed second amended complaint presents Plaintiff's claims in a substantially a clearer and more concise fashion. The added clarity may assist Plaintiff

in convincing the Court that his claims are sufficiently plausible to survive future motions to dismiss.

Because Plaintiff's Motion is not unduly delayed and the proposed amendments would not be futile, the Court finds that justice requires leave to amend. *See* Fed. R. Civ. P. 15(a).

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to File an Amended Complaint [filed February 17, 2012; docket #51] is **granted**. The Clerk of the Court is directed to file Plaintiff's Second Amended Complaint, which is attached to Plaintiff's Motion as Exhibit 1 [docket #51-1]. In the interest of judicial efficiency and maintaining a consistent docket, Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 2nd day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge