IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02003-CMA-MEH

TONY SCHMID,

    Plaintiff,

v.

CORNELL CORRECTIONS OF AMERICA,
VEACH, Warden,
DR. SHIVALINI M. SANTHANBAR,
TIMOTHY F. LYDEN,
STATE OF ALASKA DEPARTMENT OF CORRECTIONS,
COMMISSIONER JOE SCHMIDT, and
JOHN/JANE DOE,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 26, 2012.**

    Pending before the Court is Plaintiff's Motion for Reconsideration Regarding Extension of Time to File Certificate of Review [filed June 22, 2012; docket #92]. Plaintiff's Motion is **granted in part** and **denied in part** as set forth below.

    Plaintiff's Motion asks the Court to reconsider its June 5, 2012 Minute Order granting Plaintiff a 30-day extension of time within which to file a Certificate of Review in support of his negligence claims. In its June 5, 2012 Minute Order, the Court found good cause for a 30-day extension of time, but explained that a 60-day extension of time was not warranted because it was unclear how or when the circumstances inhibiting Plaintiff from obtaining a Certificate of Review were likely to change in the additional time requested. (Docket #90 at 2.)

    In the present motion, Plaintiff contends that his circumstances are about to change "radically" upon his upcoming transfer to a half-way house in Fairbanks, Alaska. By Plaintiff's estimate, he should be able to make an appointment with a physician in late July 2012. In light of Plaintiff's anticipated ability to obtain a Certificate of Review following his upcoming transfer, Plaintiff requests an extension through and including August 10, 2012, within which to file said Certificate in this case.

    In determining whether Plaintiff has shown good cause for the requested extension, the Court

notes that Defendants' Motion to Dismiss has been pending in this case since April 16, 2012. (*See* docket #77.) Because Defendants' Motion relies, in part, on Plaintiff's failure to file a Certificate of Review, the Court cannot throughly adjudicate Defendants' Motion until the issue is resolved. The Court is mindful that any further dely may affect Defendants' ability to receive a full and prompt resolution of the claims asserted against them in this lawsuit.

At the same time, the Court also recognizes Plaintiff's interest in protecting his claims from dismissal by filing a Certificate of Review. The Court is persuaded that Plaintiff's circumstances have changed significantly, and that Plaintiff's ability to obtain a Certificate of Review will improve by the end of July. Accordingly, the Court finds good cause reconsider its June 5, 2012 Minute Order and to grant Plaintiff the 60-day extension he originally requested. (*See* dockets ##87, 90.) In light of this extension, Plaintiff shall file a Certificate of Review **on or before July 30, 2012**.