IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02003-CMA-MEH

TONY SCHMID,

      Plaintiff,

v.

CORNELL CORRECTIONS OF AMERICA,
VEACH, Warden,
DR. SHIVALINI M. SANTHANBAR,
TIMOTHY F. LYDEN, and
JOE SCHMIDT,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

      This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with the payment requirements of 28 U.S.C. § 1915(b), failure to effectuate service on Defendants Santhanbar and Schmidt within the period required by Fed. R. Civ. P. 4(m), and failure to respond to an order to show cause pertaining thereto. In light of Plaintiff's failure to timely serve Defendants Santhanbar and Schmidt, the Court RECOMMENDS **dismissal without prejudice** as to those Defendants. Additionally, the Court RECOMMENDS the action be **dismissed** in its entirety **without prejudice** due to Plaintiff's failure to comply with the payment requirements of 28 U.S.C.

§ 1915(b) and failure to respond to the Court's orders.[1]

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action in the District of Alaska pursuant to 42 U.S.C. § 1983 on July 26, 2011. (Docket #1-1.) Although Plaintiff is a prisoner of the State of Alaska, he was temporarily incarcerated at Hudson Correctional Facility ("HCF") in Hudson, Colorado.[2] (*Id.*) Because all but one of the initially named defendants are residents of Colorado, and because the injuries Plaintiff alleges occurred at HCF, U.S. District Judge John W. Sedwick ordered the case transferred to the District of Colorado. (Docket #1.)

Shortly after the transfer, Magistrate Judge Boland conducted an initial review of Plaintiff's pleadings and ordered Plaintiff to file an amended complaint curing various deficiencies. (Docket #5.) In accordance with this instruction, Plaintiff filed a first amended complaint on September 9, 2012. (Docket #6.) Plaintiff requested and received leave to further amend his pleadings [dockets ##51, 74], and the Court accepted Plaintiff's Second Amended Complaint on April 2, 2012, as filed [docket #76]. Though Plaintiff subsequently attempted to file several other pleading iterations

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2] Plaintiff filed a Notification of Change of Address on July 11, 2012, indicating that he had moved back to Alaska. (Docket #96.)

entitled "Second Amended Complaint," the Court recently clarified that the Second Amended Complaint found at docket #76 would serve as the operative pleading. (Docket #99.) Dockets ##86 and 95 were stricken. (*Id*.)

Plaintiff's Second Amended Complaint alleges three causes of action: (1) deliberate indifference in violation of the Eighth Amendment; (2) negligence; and (3) breech (sic) of contract. (Docket #76 at 6-8.) As defendants, Plaintiff's Second Amended Complaint names Cornell Corrections of America ("Cornell"), Warden Veach, Dr. Santhanbar, Dr. Kyros Ipaktchi, Timothy F. Lyden, Commissioner Joe Schmidt, and John/Jane Doe. (*Id*. at 1.) Defendants Santhanbar and Schmidt have not been served, and Plaintiff dismissed his claims against Dr. Ipaktchi with prejudice. (*See* dockets ##57, 60, 99.) Defendants Cornell, Veach, and Lyden filed a motion to dismiss on April 16, 2012. (Docket #77.) Upon review of the motion, the Court recommended dismissal of Plaintiff's Eighth Amendment claims against Defendants Cornell, Veach, and Lyden, and dismissal of Plaintiff's negligence claim against Defendants Cornell and Veach. The Court also recommended dismissal of Plaintiff's state law claims without prejudice in the event that Plaintiff's Eighth Amendment claim was resolved in its entirety. However, due to Plaintiff's failure to provide an address for Defendant Schmidt, Schmidt has not received service of Plaintiff's Amended Complaint or had an opportunity to seek dismissal of the remainder of Plaintiff's Eighth Amendment claim.

Recognizing that the District Court could not fully resolve this action while Defendants Schmidt and Santhanbar remained unserved, the Court issued an order to show cause on October 9, 2012, directing Plaintiff to show cause why Schmidt and Santhanbar should not be dismissed pursuant to Fed. R. Civ. P. 4(m). In the same order, the Court also directed Plaintiff to explain why he has failed to make monthly payments or to provide certified copies of his inmate trust fund

account, as required by 28 U.S.C. § 1915(b)(2). Per the Court's order, Plaintiff was required to either make the required monthly payments for November and December 2011, as well as January 2012, February 2012, March 2012, April 2012, May 2012, June 2012, July 2012, August 2012, and September 2012, and by the 15th of each month thereafter, or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. By the same date, Plaintiff was also required to file a written response explaining his failure to serve Defendants Santhanbar and Schmidt. The Court advised Plaintiff that failure to comply with the order to show cause would result in a recommendation of dismissal without further notice. As of this date, Plaintiff has filed none of the aforementioned documents.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to pay his filing fees in accordance with Section 1915(b) or to provide certified copies of his inmate trust fund account demonstrating his inability to do so. Additionally, Plaintiff was required to provide information to enable service on Defendants Santhanbar and Schmidt. In light of Plaintiff's failure to comply with his litigation obligations, the Court ordered Plaintiff to show cause in writing as to why Santhanbar and Schmidt should not be dismissed pursuant to Rule 4(m). Plaintiff has not complied with any of these orders or sought any extension of time within which to do so. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

**I.      Failure to Serve**

Rule 4(m) provides, in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court –
on motion or on its own after notice to the plaintiff – must dismiss the action without
prejudice against that defendant or order that service be made within a specified
time.

Plaintiff filed his first amended complaint against Defendant Santhanbar on September 6, 2011 [docket #6] and his second amended complaint naming Joe Schmidt on April 2, 2012 [docket #77]. In light of Plaintiff's failure to provide an address for Dr. Santhanbar, a United States Marshall attempted personal service on Dr. Santhanbar at HCF on November 17, 2011. Despite the Marshall's inability to locate Dr. Santhanbar at this location, Plaintiff provided no alternative address nor any further request to attempt service on Dr. Santhanbar at a different location. The 120-day period provided by Rule 4(m) expired with respect to Dr. Santhanbar on January 13, 2012.

Turning to Defendant Schmidt, the Court observes that Plaintiff provided no address, nor any other indication of where Mr. Schmidt might be located for purposes of attempting service. The Court cannot be expected to effectuate service on an individual in the absence of this information. In light of the April 2, 2012 filing date of Plaintiff's Second Amended complaint against Mr. Schmidt, the Rule 4(m) period expired on July 31, 2012.

On October 9, 2012, this Court ordered Plaintiff to explain why he failed to provide sufficient information to accomplish service on Defendants. Despite receiving an opportunity to do so, Plaintiff has not responded. Accordingly, under Rule 4(m), this matter may be dismissed without prejudice with respect to Defendants Santhanbar and Schmidt.

## II.     Failure to Pay and to Prosecute

In *Cosby v. Meadors*, the Tenth Circuit expounded upon the obligation of an indigent prisoner under the 1996 Prison Litigation Reform Act ("PLRA") to ultimately pay the full amount of a filing fee necessary to initiate and continue litigation. 351 F.3d 1324, 1326 (10th Cir. 2003). The *Cosby* court recognized the PLRA's fee provisions "are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,'" within the practical limits established by the PLRA considering the prisoner's indigent status. *Id*. at 1327 (citations omitted). "The issue here is not money per se . . . [but rather] respect for the judicial process and the law." *Id*. at 1326. Failure to pay the filing fee as required by the PLRA may result in dismissal of the prisoner's action. *Id*. at 1327 (citations omitted).

The *Cosby* court looked to the *Ehrenhaus* factors, which are relevant when evaluating grounds for dismissal of an action. 351 F.3d at 1332 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916,

921 (10th Cir. 1992)). The *Ehrenhaus* factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

Regarding the first factor, Plaintiff's failure to comply with this Court's orders regarding service and payment affects Defendants in this matter by impeding the District Court's ability to fully resolve Plaintiff's Eighth Amendment claims, and if it so decides, to dismiss Plaintiff's state law claims without prejudice for adjudication in a more appropriate forum. Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to follow the Court's orders with respect to his obligation to pay the filing fee compels the Court's continual review of his file and issuance of orders, thereby increasing the workload of the Court and interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to comply with his *in forma pauperis* obligations and to respond to the order to show cause. The record of Plaintiff's failure to respond to each of the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings putting Plaintiff on notice that his claims could be dismissed as a result of his failure to respond satisfy the fourth factor. (*See* dockets ##10 at 3, 106 at 4.)

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court

recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the Court's orders instructing him to satisfy his *in forma pauperis* obligations, his failure to enable service on Defendants Schmidt and Santhanbar, and his failure to respond to this Court's order to show cause or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

## CONCLUSION

Based on the foregoing and the entire record herein, the Court RECOMMENDS this action be dismissed without prejudice with respect to Defendants Santhanbar and Schmidt for failure to serve within the Rule 4(m) period and that the action be dismissed in its entirety due to Plaintiff's failure to fulfil his payment obligations and failure to comply with this Court's orders.

Dated at Denver, Colorado, this 25th of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge